DANIEL WHITING *vs.* JOHN JOHNSON & another.

Under a declaration alleging that the defendants, without probable cause, maliciously sued out a writ against the plaintiff from a court which had no jurisdiction of the plaintiff, and attached his property thereon, and kept and detained the property from the plaintiff for twenty days, the plaintiff may recover damages for the trespass to his property.

ACTION OF TORT. The declaration averred that the defendants, not having any reasonable or probable cause of action against the plaintiff, but wrongfully and unjustly contriving and intending to harass, oppress and injure the plaintiff, and to seize and detain the property of the plaintiff without warrant of law, but under the color of void legal process, falsely and maliciously caused and procured to be sued out of the justices' court for the county of Suffolk a writ of capias and attachment; and, though well knowing that said court had not jurisdiction over the plaintiff, and that the plaintiff resided out of their jurisdiction, to wit, at Dover in the county of Norfolk, falsely and maliciously inserted this plaintiff's name as defendant in that writ to answer to these defendants in an action of contract, claiming damages in the sum of forty dollars, and filling out the blank attachment clause by inserting the sum of one hundred dollars; and delivered that writ to a constable of Boston, and ordered him to seize and attach two horses, two harnesses, one coal cart, and one load of charcoal, of the value of five hundred dollars, the property of this defendant, then temporarily in Boston, though the defendants well knew that said writ furnished no warrant or authority in law for the attachment of any of this plaintiff's chattels; and said constable, by direction of the defendants, without warrant of law, seized and attached said goods and chattels; and the defendants caused the same to be kept and detained from the plaintiff for the space of twenty days, thereby entirely breaking off and suspending the business of the plaintiff as a collier, and depriving him of his custom and trade as such; and caused said constable to summon this plaintiff to appear at said justices' court to answer that action; and pursuant to such

Whiting *v.* Johnson & another.

summons this plaintiff did attend that court, and by special attorney moved to dismiss that action for want of jurisdiction; and that court afterwards ordered it to be dismissed accordingly; by means of all which this plaintiff had been exposed and injured in his credit and circumstances, and hindered and prevented from transacting his lawful affairs, and put to great expense in the defence of that suit, and been otherwise greatly injured.

At the trial in the court of common pleas, the plaintiff proved the seizure of his property, by the defendants' direction, on that writ; and contended that the justices' court had no jurisdiction of that action, because the damages claimed were more than twenty dollars and the defendants resided out of the county; and therefore that writ was void, and the seizure of the property a trespass, for which this plaintiff might recover under this declaration, as a substantive ground of damages. And so *Perkins,* J. ruled; the jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*P. S. Wheelock,* for the defendants, waived all exception to the ruling that the writ was void; [See Rev. Sts. *c.* 85, §§ 1, 2; *c.* 87, § 11; *St.* 1852, *c.* 314;] but contended that this declaration was for a malicious prosecution, and could not be maintained as an action of trespass.

*R. F. Fuller,* for the plaintiff.

THOMAS, J. The declaration was not a good declaration for a malicious prosecution; because it avers the institution of a suit in a court which had no jurisdiction. *Bixby* v. *Brundige,* 2 Gray, 129. And, though it is not easy, at first, to discern the precise object of the declaration, a closer examination reveals a substantial declaration in trespass, with a running commentary of aggravation greatly exceeding the text. ' *Exceptions overruled.*